IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ALEX CANADY.** | |
| **Plaintiff,** | |
| VS. | CASE NO. 2:22-cv-2555 |
| **BANCROFT AND SONS TRANSPORTATION, LLC;** <br> **BANCROFT TRACTOR LEASING, LLC;** <br> **BANCROFT EQUIPMENT LEASING, LLC;** <br> **LEROY MORGAN; AND JOHN DOES 1-10.** | **JURY TRIAL** <br> **DEMANDED** |
| **Defendants.** | |

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, ALEX CANADY, (hereafter "Plaintiff"), by and through counsel, and files this Complaint against the Defendants, BANCROFT AND SONS TRANSPORTATION, LLC, BANCROFT TRACTOR LEASING, LLC, BANCROFT EQUIPMENT LEASING, LLC, LEROY MORGAN, and JOHN DOES 1-10 (collectively as "Defendants"), for personal injuries and damages and would respectfully state unto this Honorable Court the following to wit:

**I.     PARTIES**

1. Plaintiff Alex Canady is an adult resident citizen of Malvern, Hot Spring County, Arkansas.

2. Upon information and belief, Defendant Bancroft & Sons Transportation, LLC (hereinafter "Defendant Bancroft & Sons") is a limited liability company organized and existing under the laws of the state of Texas with its principal office located at 3390 High Prairie Road,

  Grand Prairie, Texas 75050-4236. Bancroft & Sons has a designated agent for service of process in the state of Texas, Charles C. Bancroft Sr, of the same address.

3. Upon information and belief, Defendant Bancroft Tractor Leasing, LLC (hereinafter "Defendant Bancroft Tractor") is a limited liability company organized and existing under the laws of the state of Texas with its principal office located at 3390 High Prairie Road, Grand Prairie, Texas 75050-4236. Bancroft Tractor has a designated agent for service of process in the state of Texas, Howard J Bancroft, of the same address.

4. Upon information and belief, Defendant Bancroft Equipment Leasing, LLC (hereinafter "Defendant Bancroft Equipment") is a limited liability company organized and existing under the laws of the state of Texas with its principal office located at 3390 High Prairie Road, Grand Prairie, Texas 75050-4236. Bancroft Equipment has a designated agent for service of process in the state of Texas, Howard J Bancroft, of the same address.

5. Upon information and belief, Defendant Leroy Morgan (hereinafter "Defendant Morgan") is an adult resident citizen of the State of Texas and may be served at his residence at 106 Amy Drive, Kaufman, Texas 75114.

6. At the time of filing of this Complaint, the John Does' names are unknown.  If Plaintiff later determines that John Doe has an interest and/or subrogation claim, Plaintiff reserves the right to add the proper name(s) of said Defendant(s).

7. Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a motor vehicle driven by Morgan in Memphis, Shelby County, Tennessee on or about August 26, 2021.

8. Upon information and belief, at all times material hereto, Defendants Bancroft & Sons, Bancroft Tractor, and/or Bancroft Equipment were the registered owners and/or controllers of the vehicle driven by Defendant Morgan.

9. Upon information and belief, at all times material hereto, Defendant Morgan was an agent, servant, and/or employee and was driving said vehicle with the permission, consent, knowledge, or approval of Defendants Bancroft & Sons, Bancroft Tractor, and Bancroft Equipment.

## II.  JURISDICTION AND VENUE

10. This Court has proper subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1332. This suit involves a plaintiff who is a citizen of the state of Arkansas and defendants who are all citizens of the state of Texas. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because all or a substantial portion of the acts or events giving rise to the claim and the acts and/or omissions of negligence that proximately caused the occurrence in question and the injuries and damages sustained by the Plaintiff occurred within the territorial limits of Memphis, Shelby County, Tennessee. Further, venue is proper in this District because Defendants are transacting business in this District.

## III.  FACTS

12. On or about August 26, 2021, Mr. Canady was lawfully operating a 2003 Ford F-150, traveling on eastbound on Interstate 40 in Memphis, Tennessee at or near Exit 3 for Watkins Street.

13. At all times herein mentioned, Mr. Canady operated his vehicle in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Tennessee.

14. At the same time and place, Defendant Morgan was also traveling eastbound behind Mr. Canady's vehicle in a 2021 Kenworth T680 with a semi-trailer.

15. Defendant Morgan failed to pay proper attention to the traffic, failed to maintain a proper lookout, failed to maintain proper speed for the conditions, failed to reduce speed of his vehicle to avoid an accident, and failed to control his vehicle in order to avoid a collision. As a result, Mr. Morgan's tractor trailer violently collided with the rear of Mr. Canady's vehicle.

16. Due to the force of the impact of the collision, Mr. Canady's vehicle entered another lane of traffic and struck the front passenger side of another vehicle before coming to rest in the median.

17. As a result of this accident, Mr. Canady sustained serious injuries, including, but not limited to, severe cervical spinal injuries that resulted in major surgery, significant pain and suffering. Once physically fit and active, Mr. Canady is now disabled, resulting in the loss of his career and loss of enjoyment of life.

## IV.   CAUSES OF ACTION

### COUNT I:  NEGLIGENCE (Defendant Morgan)

18. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

19. Defendant Morgan had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of the Plaintiff and the motoring public. This duty included paying attention to traffic, maintaining a proper lookout, obeying traffic

control devices, obeying the laws and rules of the State of Tennessee, maintaining a proper speed for the conditions, reducing the speed of his vehicle to avoid an accident, and paying full attention to the operation of his vehicle to avoid a collision.

20. As a commercial driver, Defendant Morgan also had a duty to operate his truck-tractor in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR §§ 383.111 and 383.113; the mandates of 49 CFR §§ 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

21. Defendant Morgan breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

    a. Failing to yield right of way;

    b. Failing to maintain a proper lookout for vehicles and traffic ahead;

    c. Failing to perform a proper visual search;

    d. Failing to properly manage his space;

    e. Failing to yield the right of way to vehicles in front of him on the roadway;

    f. Failing to drive at a safe and reasonable speed under the conditions;

    g. Failing to drive defensively;

    h. Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general and Mr. Canady in grave danger;

    i. Failing to adhere to safe driving principles expected of professional drivers;

    j. Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

k. Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

l. Driving while distracted;

m. Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances;

n. Such other specifications of negligence that shall be added by amendment or proven at trial.

22. As a direct and proximate result of the negligence and gross negligence of Defendant Morgan described hereinabove, Mr. Canady suffered severe, painful and disabling injuries, pain and suffering, loss of earnings and earning capacity, loss of enjoyment of life, and he incurred and will continue to incur substantial medical and other expenses for his care and treatment as a result of his injuries.

23. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Morgan, and were incurred without contributory negligence or assumption of the risk on the part of Mr. Canady, or an opportunity for Mr. Canady to avoid the accident.

24. Defendant Morgan is liable to Mr. Canady for all damages allowed by law for the injuries, damages and losses sustained by Mr. Canady as a result of these negligent actions.

### COUNT II - NEGLIGENCE PER SE (Defendant Morgan)

25. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

26. Mr. Canady further charges and alleges that Defendant Morgan is guilty of violating one or more of the following statutes of the State of Tennessee, each and every such statute being in full force and effect at the time and place of the collision complained of, each and

every such violation constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of Mr. Canady' injuries, to-wit:

   a. Tenn. Code Ann.§ 55-8-109. Obedience to any required traffic-control device.
   b. Tenn. Code Ann. § 55-8-123. Traffic lanes.
   c. Tenn. Code Ann. § 55-8-124. Following another vehicle
   d. Tenn. Code Ann. § 55-8-136. Drivers to exercise due care.
   e. Tenn. Code Ann.§ 55-8-197. Failure to yield right of way.
   f. Tenn. Code Ann.§ 55-10-205. Reckless Driving.

27. Mr. Canady further alleges that Defendant Morgan was guilty of violating one or more of the following Ordinances of the City of Memphis which were in full force and effect at the time and place of said accident, and that the violation of the aforesaid Ordinances were the direct and proximate cause of Mr. Canady's injuries and damages, to wit:

    a. Sec. 11-16-2. Duty to devote full time and attention to operating vehicle.
    b. Sec. 11-16-3. Duty to drive at safe speed, maintain lookout and keep vehicle under control.
    c. Sec. 11-16-20. Following too closely.
    d. Sec. 11-16-44. Reckless Driving.

28. As a direct and proximate result of the negligence and gross negligence of Defendant Morgan described hereinabove, Mr. Canady suffered the losses and injuries noted herein.

29. Defendant Morgan is liable to Mr. Canady for all damages allowed by law for the injuries, damages and losses sustained by Mr. Canady as a result of these negligent actions.

## COUNT III – VICARIOUS LIABILITY
### (Defendants Bancroft & Sons, Brancroft Tractor, and Brancroft Equipment)

30. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

31. Upon information and belief, at all times material hereto, Defendants Bancroft & Sons, Brancroft Tractor, and Brancroft Equipment were engaged in a joint venture, with an equal right to control the venture and an agreement among them to participate in a common enterprise for the purpose of commercially transporting freight in interstate commerce, and were acting within the course and scope of said joint venture in furthering the business and duties of each other and are vicariously liable for the negligence and negligence *per se* of each other.

32. Upon information and belief, at all times material hereto, Defendants Bancroft & Sons, Brancroft Tractor, and Brancroft Equipment were the agent, employer and/or statutory employer of each other and of Defendant Morgan.

33. Defendant Morgan was acting within the course and scope of his employment and/or agency in furthering the business interests and duties of Defendants Bancroft & Sons, Brancroft Tractor, and Brancroft Equipment.

34. Defendants Defendants Bancroft & Sons, Brancroft Tractor, and Brancroft Equipment are vicariously liable for the negligent acts and omissions committed by Defendant Morgan on August 26, 2021, which are described above, under the doctrine of *respondeat superior*, the rules of agency, and/or through their joint venture.

35. Defendants Bancroft & Sons, Brancroft Tractor, and Brancroft Equipment are liable to Mr. Canady for all damages allowed by law for the injuries, damages and losses sustained by Mr. Canady as a result of the negligence of Defendant Morgan and each other.

## COUNT V – NEGLIGENCE PER SE
### (Defendant Bancroft & Sons)

36. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

37. In addition to its vicarious liability, joint venture imputed liability, and/or agency liability for the statutory negligence of all other Defendants, Defendant Bancroft & Sons is guilty of its own direct negligence *per se*.

38. Defendant Bancroft & Sons is an authorized United States Department of Transportation motor carrier.

39. As a motor carrier, Defendant Bancroft & Sons has certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, Tennessee law, and industry standards, negligence per se, including, but not limited to:

    a. The duty to properly qualify Defendant Morgan;

    b. The duty to properly train Defendant Morgan;

    c. The duty to properly inspect and maintain its vehicles; and

    d. The duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicle.

40. Defendant Bancroft & Sons was independently negligent in failing to meet these duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal laws and regulations, Tennessee law, and industry standards.

41. As a result of the foregoing breaches of duties, Mr. Canady suffered the losses and injuries noted herein.

42. Both alone and in conjunction with the negligence of other Defendants, Defendant Bancroft & Sons' negligence proximately caused the injuries to Mr. Canady.

43. Defendant Bancroft & Sons is liable to Mr. Canady for all damages allowed by law for the injuries, damages and losses sustained by Mr. Canady as a result of the negligence of Defendant Morgan.

### COUNT IV – NEGLIGENT HIRING AND ENTRUSTMENT
**(Defendants Bancroft & Sons, Brancroft Equipment, and Brancroft Leasing)**

44. Plaintiff reincorporates the preceding paragraphs though set forth verbatim.

45. In addition to its vicarious liability, joint venture imputed liability, and/or agency liability for the statutory negligence of all other Defendants, Defendants Bancroft & Sons, Brancroft Equipment, and/or Brancroft Leasing are independently negligent in hiring, qualifying, training, entrusting, supervising, and retaining Defendant Morgan in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer, motor carrier, and commercial vehicle owner would under the same or similar circumstances.

46. Defendants had a duty to hire competent and qualified employees, provide reasonable training and supervision in connection with operating a commercial motor vehicle, and to not entrust unqualified, incompetent, or otherwise unsafe drivers with access to a commercial vehicle.

47. Defendants breached those duties and are liable for tortious acts and omissions, which include, but are not limited to, the following:
    a. Failing to reasonably and properly screen and investigate Defendant Morgan as a commercial driver, including with respect to his safety record, driving logs, and fatigued/impaired driving issues prior to hiring him as a driver;

    b. Failing to reasonably and properly train Defendant Morgan with respect to safe driving;

    c. Failing to act reasonably and properly in advising and/or conducting the hiring and retaining of Defendant Morgan, and/or to adopt and enforce policies, procedures, and rules to ensure that Defendant Morgan had the experience, training and knowledge to safely operate a tractor trailer on the interstate highways;

    d. Failing to ensure that the vehicle and driver complied with all applicable federal and state laws and regulations; and

    e. Providing and entrusting a commercial vehicle to an unqualified, incompetent, or otherwise unsafe driver.

48. Such negligence and negligent entrustment proximately caused the accident in question and the injuries and damages suffered by Mr. Canady.

49. Defendants Bancroft & Sons, Brancroft Equipment, and/or Brancroft Leasing are liable to Mr. Canady for all damages allowed by law for the injuries, damages and losses sustained by Mr. Canady as a result of this negligence.

## V.  DAMAGES

50. Plaintiff reincorporates the preceding paragraphs as though set forth verbatim.

51. Plaintiff Alex Canady charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence, violations of the Statutes of the State of Tennessee, violations of the Ordinances of City of Memphis, and violations of the Federal Motor Carrier Safety Regulations on the part of Defendants that Plaintiff is entitled to recover damages including, but not limited to, the following:

a. Severe and permanent bodily injury, caused, precipitated and/or aggravated by the wrongs complained of herein;

b. Property damage, including, not limited to, loss of use and diminished value of Plaintiff's vehicle as a result of the damage sustained in the accident in question;

c. Past, present and future physical pain and suffering;

d. Past, present and future emotional and mental anguish and suffering;

e. Past, present and future medical fees and related expenses;

f. Past, present and future economic losses, including, not limited to, lost wages and lost earning capacity;

g. Past, present and future loss of enjoyment of life;

h. Attorneys' fees;

i. Punitive damages;

j. Pre-judgment interest;

k. Post-judgment interest;

l. All costs of court; and

m. All other damages recoverable under Tennessee law to be shown at the trial of this matter.

52. All of the said injuries, losses and damages incurred by Plaintiff Alex Canady were the direct and proximate result of the aforesaid negligence of the Defendants, including the violation of the statutes covering the operation of motor vehicles within the State of Tennessee, for which Plaintiff is entitled to recover.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the following relief be granted:

a. That Plaintiff be awarded the compensatory and special damages he has suffered in the amount of five million dollars ($5,000,000.00);

b. That Plaintiff be awarded all of the costs and expenses incurred in this action;

c. That Plaintiff be awarded its reasonable attorney's fees under any federal and/or state law to which it is entitled to compensation for reasonable attorney's fees;

d. That Plaintiff be awarded post-judgement interest as allowed by law;

e. That a jury be empaneled to try the issues which are joined; and

f. Such further relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED, this the 24th day of August, 2022.

*Warren Smith*
Ronald Warren Smith, MSB 104624
Smith, Murphy and Dobbs, LLC
2704 West Oxford Loop, Suite 116
Oxford, Mississippi 38655
E-mail: warren@smithmurphylaw.com
Phone: 662-236-5249
Fax: 662-510-0360