```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

```
ALEX CANADY,                          )
                                      )
     Plaintiff,                       )
                                      )
v.                                    )   No. 22-cv-2555-MSN-tmp
                                      )
BANCROFT & SONS                       )
TRANSPORTATION, LLC,                  )
BANCROFT TRACTOR LEASING, LLC,        )
LEROY MORGAN, and                     )
JOHN DOES 1–10                        )
                                      )
     Defendants.                      )
```

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Before the court is the defendants' Motion to Compel Discovery filed on September 15, 2023. (ECF No. 86.) The motion was referred to the undersigned on September 28, 2023, for determination. (ECF No. 91.) For the reasons below, the motion is GRANTED.

### I. BACKGROUND

This lawsuit involves a rear-end collision that occurred on August 26, 2021. The defendants served discovery requests on the plaintiff on February 19, 2023, which included requests for information related to any traffic citations in the previous ten years, and the plaintiff served responses on March 21, 2023. (ECF No. 86 at PageID 418, 420.) In his responses, the plaintiff admitted that he had a previous DUI and produced an Order of

Probation and Abstract of Judgment from May 2021 for misdemeanor DUI and a seat belt violation. (ECF No. 94 at PageID 584.)

However, during the plaintiff's deposition, the defendants learned of the existence of the DUI citation — which was not produced in his responses to requests for production. (ECF No. 86 at PageID 418.) Further, the defendants learned that plaintiff's counsel represented him in the DUI proceedings. (Id.) Defendants' counsel asked if plaintiff's counsel would produce the original citation, and he responded, "I think I can. I don't know that we actually had it in the file, but I will get it and get it to you . . . I'm not honestly sure why it wasn't provided, if it's not in discovery. But it may be, because we may have destroyed the file once we closed the case. But yes, I will get it to you, that's not an issue." (ECF No. 86-2 at PageID 443.)

After several rounds of communication, the plaintiff did not produce the DUI citation. On September 15, 2023, the defendants filed a motion to compel discovery regarding the plaintiff's citation for DUI. (ECF No. 86.) The plaintiff filed a response on September 29, 2023. (ECF No. 94.) The defendants filed a reply on October 12, 2023. (ECF No. 108.)

## II. ANALYSIS

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio Jun. 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The defendants seek production of the plaintiff's DUI citation from May 2021. The undersigned finds that this request is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The DUI citation is relevant to challenge the plaintiff's credibility as well as to support the defendants'

comparative fault defense. Further, the plaintiff has failed to demonstrate that the DUI citation is not proportional to the needs of the case. Specifically, the plaintiff's credibility and level of sobriety are important factual issues in this case, the DUI citation is not inaccessible and may already be in the plaintiff's possession, and the burden on the plaintiff to produce the DUI citation is minimal. Finally, the court does not need to rule on the admissibility of the DUI citation for it to be discoverable. See Fed. R. Civ. P. 26(b)(1).

### III. CONCLUSION

For the reasons stated above, the defendants' Motion to Compel is GRANTED. The plaintiff is ORDERED to produce the DUI citation by November 9, 2023.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 26, 2023
Date